UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AMADOU DIALLO,

                 Plaintiff,

-against-

THE CITY OF NEW YORK, and POLICE
SUPERVISORS, DETECTIVES and OFFICERS
JOHN DOES 1-5,

                 Defendants.
-----------------------------------------------------------------X

08 CV

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED MAY 09 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, **AMADOU DIALLO**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest, false imprisonment and malicious prosecution by employees of the New York City Police Department (NYPD).

### JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## *PENDENT JURISDICTION*

5. This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On April 8, 2008, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## *JURY DEMAND*

9. Plaintiff demands trial by jury in this action.

## *PARTIES*

10. Plaintiff **AMADOU DIALLO**, age 26, is legal resident of the United States of America. He and his wife, Joy Diallo, reside at 2765 Kingsbridge Terrace, Apartment B-47, Bronx, NY 10463-7485.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers, supervisory police officers and detectives.

12.    At all times relevant herein, defendants John Does 1-5 were supervisory officers, detectives and/or police officers employed by the NYPD.

13.    Plaintiff does not know the correct names, shields, or Tax IDs of John Does 1-5 at this time. He also does not know their command or commands, but has reason to believe that they were from the 32nd Police Precinct or a narcotics unit or other special unit affiliated with Manhattan North. The arresting officer can be readily identified through the arrest report that resulted in *People v. Amadou Diallo*, Docket No. 2008NY015251 (Criminal Court, New York County), dismissed February 27, 2008.

14.    At all times relevant herein, defendants John Does 1-5 were acting as agents, servants and employees of defendant City of New York and the NYPD.

15.    At all times relevant herein, all defendants were all acting under color of state law.

## *FACTS*

16.    On Tuesday, February 26, 2008, at approximately 8:30 P.M., at 136th Street and Frederick Douglass Boulevard (8th Avenue) in Manhattan, plaintiff was in the process of parking his family vehicle (a 2000 Chrysler Town and Country minivan) while his wife, Joy Diallo, went to an Automatic Teller Machine.

17.    Suddenly plaintiff was accosted by two plainclothes police officers or detectives in an unmarked car, who claimed that one of his headlights was out.

18.    This was untrue, and in fact no citation was issued for it to either plaintiff or Joy Diallo (in whose name the vehicle was registered).

19. The actual reason for the officers' conduct was their "hunch" that plaintiff might be a gang member, because they thought that a hat he was wearing might be the symbol of some gang.

20. With only the false alleged traffic infraction as an excuse, the officers proceeded to search the vehicle. One of the officers then claimed to have found a knife in the vehicle, whereupon plaintiff was placed under arrest.

21. Plaintiff was handcuffed and thrown against the hood of his vehicle, and his head was banged on the hood of his vehicle.

22. The allegation that there was a knife in the vehicle was also untrue. There was no such knife.

23. The arresting officers never swore to the existence of any such knife in a Criminal Court supporting deposition.

24. The allegation about the knife was merely a subterfuge to bring plaintiff to a police precinct for questioning about gang activity.

25. Other police cars responded to the scene at 136th Street and Frederick Douglass Boulevard. The fact that plaintiff's name is Amadou Diallo -- a common name in Guinea, Africa, where both plaintiff and the victim of the "41 shot" slaying by police in the Bronx in the 1990s were born -- was a source of much amusement, laughing and inappropriate joking amongst the officers, with crude and disgusting comments such as "oh, you're back from the dead" being made.

26. Nearly all of the officers involved were white, except one of the two who had originally accosted Mr. Diallo.

27. Mr. Diallo was taken to the 32nd Police Precinct, 250 West 135th Street, where he was

photographed and fingerprinted. Most of his time at the precinct was spent in a filthy holding cell.

28. At the 32nd Police Precinct plaintiff was interrogated by another white officer, supervisory officer or detective, who questioned him extensively about any knowledge he might have concerning sale of drugs and guns and who offered to pay him for information.

29. Plaintiff replied that he did not get involved in such activities. The interrogator attempted to coax him with comments such as "don't you like money," or words to that effect, but plaintiff continued to reply that he knew nothing of such activities.

30. At approximately 3-4 A.M. on Wednesday, February 27, 2008, plaintiff was transported to Manhattan Central Booking, where he was confined in a filth, crowded cell with approximately 20-25 other arrestees.

31. Plaintiff was not brought before a Judge until approximately 8 P.M. on the evening of Wednesday, February 27, 2008. At that time, *the People* moved for dismissal of the case.

32. Although plaintiff had been charged with possession of a knife with a blade length of 4" or more (NYC Administrative Code § 10-133 (b)), a violation, the prosecutor (Assistant District Attorney Chris Prevost, Esq.) advised the Court that the arresting officer had failed to swear out a supporting deposition.

33. In the absence of a sworn deposition supporting the complaint, Assistant District Attorney Prevost requested dismissal and the Court (Kennedy, J.) so ordered. *People v. Amadou Diallo*, Docket No. 2008NY015251 (Criminal Ct., N.Y. Co., February 27, 2008). The transcript of the proceedings at which the case was dismissed on the People's motion is annexed hereto.

34. By the time of his release, plaintiff had been incarcerated for approximately 24 hours

on a baseless charge to which the arresting officer would not even swear.

### FIRST CLAIM FOR RELIEF

35. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-34.

36. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

37. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-34 and 36.

38. Upon information and belief, the acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police supervisors, detectives and officers.

39. Upon information and belief, the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police supervisors, detectives and officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

40. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-34 and 38-39 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

41. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-34, 36 and 38-40.

42. The conduct toward plaintiff alleged herein constituted false arrest, false

6

imprisonment, malicious prosecution, assault, battery, the intentional, willful and malicious infliction of severe physical, mental and emotional distress, and employee negligence.

43. The conduct toward plaintiff alleged herein subjected him to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering, and loss of employment.

### FOURTH CLAIM FOR RELIEF

44. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-34, 36, 38-40, and 42-43.

45. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         May 9, 2008

_[signature]_
_____
**JOEL BERGER (JB-3269)**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-4911

**ATTORNEY FOR PLAINTIFF**

```
 1   CRIMINAL COURT OF THE CITY OF NEW YORK

 2   COUNTY OF NEW YORK:  PART AR3A
     ------------------------------------X
 3
     THE PEOPLE OF THE STATE OF NEW YORK  :  DOCKET NO.
 4                                           2008NY015251
                  - against -             :
 5
     AMADOU DIALLO                         :  Arraignment
 6
                              Defendant    :
 7
     ------------------------------------X
 8                         100 Centre Street
                           New York, New York  10013
 9
                           February 27, 2008
10

11
     B E F O R E:
12
     HONORABLE:  TANYA KENNEDY, JUDGE
13

14
     A P P E A R A N C E S:
15
             For the People:
16
                 ROBERT M. MORGENTHAU, ESQ.
17               District Attorney
                 New York County
18               By:  CHRIS PREVOST, ESQ.,
                 Assistant District Attorney
19
             For the Defendant:
20
                 THE LEGAL AID SOCIETY
21               49 Thomas Street
                 New York, New York
22               BY:  STEVEN POKART, ESQ.

23

24

25                                  Mary Burrofato
                                    Official Court Reporter
```

```
1        BRIDGE OFFICER:  Docket ending 251, Amadou
2   Diallo.  Defendant charged administrative code
3   10.133(b).
4        Waive the reading of the rights and charges,
5   not the rights thereunder?
6        MR. POKART:  Yes.
7        MR. PREVOST:  As you can see, this complaint
8   needs a supporting deposition.  We do not have one
9   at this time.  In light of the fact that the only
10  charge against the defendant is a violation, the
11  People are moving to dismiss.
12       THE COURT:  The case is over tonight.  It's
13  dismissed and sealed.  Good luck to you.  Stay out
14  of trouble.
15            **              **              **
16  This is certified to be a true and accurate transcript
17  of the above proceedings recorded by me.
18                              _____
19                              OFFICIAL COURT REPORTER
20
21
22
23
24
25
```