UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMADOU DIALLO,

                               Plaintiff,                       08 CV 4390 (LAP)

                 -against-                             FIRST AMENDED COMPLAINT

THE CITY OF NEW YORK, PO JAMES DIAZ     JURY TRIAL DEMANDED
(Shield 24459), PO RASHIED RICHARDSON
(Shield 27421), SGT. KEVIN ROUGHNEEN (Tax ID
918255, SGT. GUERRERO and JOHN DOES 1-5

                             Defendants.
------------------------------------------------------------------X

      Plaintiff, **AMADOU DIALLO**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

## *NATURE OF THE ACTION*

      1.     This is an action to recover money damages arising out of defendants' violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest, false imprisonment and malicious prosecution by employees of the New York City Police Department (NYPD).

## *JURISDICTION AND VENUE*

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

      3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

      4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

5.  This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6.  On April 8, 2008, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7.  At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8.  This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

### JURY DEMAND

9.  Plaintiff demands trial by jury in this action.

### PARTIES

10. Plaintiff **AMADOU DIALLO**, age 26, is legal resident of the United States of America. He and his wife, Joy Diallo, reside at 2765 Kingsbridge Terrace, Apartment B-47, Bronx, NY 10463-7485.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers, supervisory police officers and detectives.

12. At all times relevant herein, defendants Diaz and Richardson were police officers employed by the NYPD, and defendants Roughneen and Guerrero were sergeants employed by the NYPD. All four were assigned to the 32nd Police Precinct in upper Manhattan.[1]

13. Plaintiff does not know the correct names, shields, or Tax IDs of John Does 1-5 at this time. He also does not know their command or commands, but has reason to believe that they also were from the 32nd Precinct, or a narcotics unit or other special unit affiliated with Manhattan North.

14. At all times relevant herein, all of the individual defendants were acting as agents, servants and employees of defendant City of New York and the NYPD.

15. At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

16. On Tuesday, February 26, 2008, at approximately 8:30 P.M., at 136th Street and Frederick Douglass Boulevard (8th Avenue) in Manhattan, plaintiff was in the process of parking his family vehicle (a 2000 Chrysler Town and Country minivan) while his wife, Joy Diallo -- in whose name the vehicle is registered -- went to an Automatic Teller Machine.

17. Suddenly plaintiff was accosted by two plainclothes police officers in an unmarked car, believed to be defendants Diaz and Richardson, who claimed that one of the vehicle's headlights was out.

18. This was untrue, and in fact no citation was issued for it to either plaintiff or Joy

---

[1] The defendant identified herein as Guerrero is the sergeant who approved a "stop, question and frisk report worksheet" submitted by defendant PO Diaz. It is believed that there is a female sergeant at the 32nd precinct with that last name. The sergeant's full name and Tax ID number are scribbled on the worksheet and plaintiff may not have the correct name or spelling. However, if there has been any mistake, the correct identity of this sergeant can be readily obtained from defendant PO Diaz.

Diallo. The officers never even asked to see the registration of the vehicle.

19.   The actual reason for the officers' conduct was their "hunch" that plaintiff might be a gang member, because they thought that a hat he was wearing might be the symbol of some gang.

20.   With only the false alleged traffic infraction as an excuse, the officers ordered plaintiff to exit the vehicle and face away from it, and proceeded to search the vehicle. One of the officers then claimed to have found a knife in the vehicle, whereupon plaintiff was placed under arrest.

21.   Plaintiff was handcuffed and thrown against the hood of his vehicle, and his head was banged on the hood of his vehicle.

22.   The allegation that there was a knife in the vehicle was also untrue. There was no such knife. At no time did the officers display a knife to plaintiff or ask him or his wife (owner of the vehicle) about a knife.

23.   The arresting officers never swore to the existence of any such knife in a Criminal Court supporting deposition.

24.   The allegation about the knife was merely a subterfuge to bring plaintiff to a police precinct for questioning about gang activity.

25.   Other police cars responded to the scene at 136th Street and Frederick Douglass Boulevard. The fact that plaintiff's name is Amadou Diallo -- a common name in Guinea, Africa, where both plaintiff and the victim of the "41 shot" slaying by police in the Bronx in the 1990s were born -- was a source of much amusement, laughing and inappropriate joking amongst the officers, with crude and disgusting comments such as "oh, you're back from the dead" being made.

26. Nearly all of the officers involved were white or light-skinned Hispanics, except one of the two who had originally accosted Mr. Diallo.

27. Mr. Diallo was taken to the 32nd Police Precinct, 250 West 135th Street, where he was photographed and fingerprinted. Most of his time at the precinct was spent in a filthy holding cell.

28. At the 32nd Police Precinct plaintiff was interrogated by another white officer, supervisory officer or detective, who questioned him extensively about any knowledge he might have concerning sale of drugs and guns and who offered to pay him for information.

29. Plaintiff replied that he did not get involved in such activities. The interrogator attempted to coax him with comments such as "don't you like money," or words to that effect, but plaintiff continued to reply that he knew nothing of such activities.

30. At approximately 3-4 A.M. on Wednesday, February 27, 2008, plaintiff was transported to Manhattan Central Booking, where he was confined in a filthy, crowded cell with approximately 20-25 other arrestees.

31. Plaintiff was not brought before a Judge until approximately 8 P.M. on the evening of Wednesday, February 27, 2008. At that time, *the People* moved for dismissal of the case.

32. Although plaintiff had been charged with possession of a knife with a blade length of 4" or more (NYC Administrative Code § 10-133 (b)), a violation, the prosecutor (Assistant District Attorney Chris Prevost, Esq.) advised the Court that the complaint was not accompanied by a supporting deposition.

33. In the absence of a sworn deposition supporting the complaint, Assistant District Attorney Prevost requested dismissal and the Court (Kennedy, J.) so ordered. *People v. Amadou*

*Diallo*, Docket No. 2008NY015251 (Criminal Ct., N.Y. Co., February 27, 2008). The transcript of the proceedings at which the case was dismissed on the People's motion is annexed hereto.

34. By the time of his release, plaintiff had been incarcerated for approximately 24 hours on a baseless charge to which the arresting officer would not even swear out a supporting deposition.

35. To cover up his illegal activities, defendant Diaz claimed in an arrest report that he stopped plaintiff because of the alleged broken headlight and then pulled plaintiff out of the vehicle "for furtive movement." There was no broken headlight, and plaintiff engaged in no such movement.

36. The arrest report further falsely claimed that upon pulling plaintiff out of the vehicle the alleged knife "was in plainview on driver side door," when in fact the officers engaged in an illegal search of the vehicle before alleging that they had uncovered a knife. The arrest report also stated the wrong location of the arrest, 138th Street, whereas the correct location was 136th Street.

37. The arrest report falsely accused plaintiff of committing a violation of Penal Law § 265.01, a class A misdemeanor reserved for illegal possession of weapons such as firearms, unique knives such as switchblades, and "dangerous" weapons, whereas anyone examining the knife supposedly recovered could plainly see -- as reflected in Diaz's own subsequent Criminal Court complaint -- that he was describing an ordinary knife possession of which would at most be a violation under the City's Administrative Code if it exceeded 4" in length. Additionally, Diaz and his supervisor knew, or should have known, that the presence of a knife in a vehicle registered to another individual does not create a presumption that anyone in the vehicle possessed it. Penal Law § 265.15. Defendant Sergeant Roughneen failed to exercise even the most cursory supervisory

review in approving such an arrest report proffered by Diaz.

38.   A property clerk's invoice prepared by Diaz fails to describe the length of the knife allegedly recovered from the vehicle, and, inexplicably, recites a different arrest number than the one on the arrest report. At no time was plaintiff given an opportunity to observe whatever object was being handed to the desk officer with the invoice.

39.   A "stop, question and frisk report worksheet" prepared by Diaz and approved by Sgt. Guerrero makes no mention of the alleged broken headlight, for which no citation was issued, but instead claims that the circumstances leading to the stop were i) "furtive movements" and ii) "carrying objects in plain view used in commission of a crime." Both statements set forth false reasons for the stop. The worksheet, like the arrest report, states the wrong location of the arrest, 138th Street, whereas the correct location was 136th Street.

40.   The worksheet further alleges that plaintiff was frisked because of "inappropriate attire -- possibly concealing a weapon" and "furtive movements" --- neither of which is true, except for the officers' "hunch" that plaintiff's hat might resemble some gang symbol (*see* ¶ 19, above).

41.   The worksheet further alleges falsely that plaintiff's person was searched after the frisk because the frisk revealed a "hard object" and that this search of plaintiff's person revealed a knife -- thus contradicting Diaz's own arrest report. Sgt. Guerrero obviously failed to exercise even the most cursory supervisory review in approving the worksheet proffered by Diaz.

42.   Five hours later after the arrest, at approximately 1:25 A.M. on February 27, 2008, Diaz signed a Criminal Court complaint in which he returned to his "broken headlight" and "plain view" story, and finally cited the correct location of the incident. In that complaint he also alleged,

for the first time, that he was merely "informed" by defendant PO Richardson of the broken headlight and "informed" by Richardson that a knife had been recovered.

43. The Complaint does reflect reduction of the charge to possession in a public place of a knife more than 4" long (City Administrative Code § 10-133 (b)), a violation, but there is no indication that the knife was produced for the inspection of the prosecutor who drafted the complaint for Diaz's signature and, as noted above, Diaz did not swear out a supporting deposition and did not even swear to his personal familiarity with the facts alleged in the complaint. (*See* ¶¶ 32-33 & 42, above). He covered himself by swearing to a mere hearsay complaint, and no supporting deposition sworn to by either himself or Richardson was submitted. Accordingly, the prosecution correctly moved for dismissal of the charge.

### *FIRST CLAIM FOR RELIEF*

44. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-43.

45. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### *SECOND CLAIM FOR RELIEF*

46. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-43 and 45.

47. Upon information and belief, the acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police supervisors, detectives and officers.

48. Upon information and belief, the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police supervisors, detectives and officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

49. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-43 and 47-48 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

50. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-43, 45 and 47-49.

51. The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, assault, battery, the intentional, willful and malicious infliction of severe physical, mental and emotional distress, and employee negligence.

52. The conduct toward plaintiff alleged herein subjected him to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering, and loss of employment.

### *FOURTH CLAIM FOR RELIEF*

53. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-43, 45, 47-49, and 51-52.

54. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5,

6, 8, 11 and 12 of the Constitution of the State of New York.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 8, 2008

*[signature]*

JOEL BERGER (JB-3269)
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-4911

**ATTORNEY FOR PLAINTIFF**

TO: **ELIZABETH M. DAITZ, ESQ.**
Assistant Corporation Counsel
Special Federal litigation Division
100 Church Street
New York, NY 10007-2601

## DECLARATION OF SERVICE

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK )

 **JOEL BERGER** declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

 1. I am the attorney for the plaintiffs in the above-captioned action. I was admitted to practice before the courts of the State of New York on December 23, 1968, and before the United States District Court for the Southern District of New York on April 23, 1970.

 2. On July 8 I served the within **FIRST AMENDED COMPLAINT** upon **ELIZABETH M. DAITZ, ESQ.**, Assistant Corporation Counsel, attorney for defendants, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed as follows: Elizabeth M. Daitz, Esq., Assistant Corporation Counsel, Special Federal Litigation Division, 100 Church Street, New York, NY 10007-2601.

Dated: New York, New York
   July 8, 2008

                            JOEL BERGER

```
 1   CRIMINAL COURT OF THE CITY OF NEW YORK

 2   COUNTY OF NEW YORK:  PART AR3A
     ------------------------------------X
 3
     THE PEOPLE OF THE STATE OF NEW YORK  :   DOCKET NO.
 4                                            2008NY015251
                - against -               :
 5
     AMADOU DIALLO                        :   Arraignment
 6
                             Defendant    :
 7
     ------------------------------------X
 8                        100 Centre Street
                          New York, New York  10013
 9
                          February 27, 2008
10

11
     B E F O R E:
12
     HONORABLE:  TANYA KENNEDY, JUDGE
13

14
     A P P E A R A N C E S:
15
             For the People:
16
                 ROBERT M. MORGENTHAU, ESQ.
17               District Attorney
                 New York County
18               By:  CHRIS PREVOST, ESQ.,
                 Assistant District Attorney
19
             For the Defendant:
20
                 THE LEGAL AID SOCIETY
21               49 Thomas Street
                 New York, New York
22               BY:  STEVEN POKART, ESQ.

23

24

25                              Mary Burrofato
                                Official Court Reporter
```

1         BRIDGE OFFICER:  Docket ending 251, Amadou
2     Diallo.  Defendant charged administrative code
3     10.133(b).
4         Waive the reading of the rights and charges,
5     not the rights thereunder?
6         MR. POKART:  Yes.
7         MR. PREVOST:  As you can see, this complaint
8     needs a supporting deposition.  We do not have one
9     at this time.  In light of the fact that the only
10    charge against the defendant is a violation, the
11    People are moving to dismiss.
12        THE COURT:  The case is over tonight.  It's
13    dismissed and sealed.  Good luck to you.  Stay out
14    of trouble.
15            **              **              **
16   This is certified to be a true and accurate transcript
17   of the above proceedings recorded by me.

18                         _____*signature*_____
19                         OFFICIAL COURT REPORTER
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMADOU DIALLO,

                Plaintiff,

      -against-

                                                        08 CV 4390 (LAP)

THE CITY OF NEW YORK, PO JAMES DIAZ
(Shield 24459), PO RASHIED RICHARDSON
(Shield 27421), SGT. KEVIN ROUGHNEEN (Tax ID
918255, SGT. GUERRERO and JOHN DOES 1-5

                Defendants.
------------------------------------------------------------------X

# FIRST AMENDED COMPLAINT

JOEL BERGER (JB-3269)
360 LEXINGTON AVENUE, 16th Fl.
NEW YORK, NY 10017-6502
(212) 687-4911

ATTORNEY FOR PLAINTIFF