


JUL 16 2008
LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S. D. N. Y.

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

ELIZABETH M. DAITZ
Assistant Corporation Counsel
E-mail: edaitz@law.nyc.gov
Phone: (212) 788-0775
Fax: (212) 788-9776

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/08

July 16, 2008

**BY HAND**
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Amadou Diallo v. City of New York, et al., 08 Civ. 4390 (LAP)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter in which plaintiff alleges, *inter alia*, that he was falsely arrested. Defendant City respectfully requests a second extension of time to answer or otherwise respond to this complaint from July 28, 2008 until August 28, 2008. Plaintiff has consented to this request.

      Defendant City makes this request in light of the fact that on or about July 8, 2008, plaintiff filed a First Amended Complaint, naming individual defendants PO James Diaz, PO Rashied Richardson, Sgt. Kevin Roughneen, and Sgt. Guerrero, and adding additional factual allegations regarding the alleged conduct of these defendants. It appears from the civil docket sheet that these officers were served on or about July 9, 2008.[1] Defendant City requests this second extension of time to answer or otherwise respond to plaintiff's complaint in part to allow this office time to determine, pursuant to Section 50-k of the New York General Municipal law,

---

[1] This office does not yet represent these individual defendants. As such, defendant City makes this request without waiving any objection these defendants may interpose with respect to the propriety or adequacy of service of process.

and based upon a review of the facts of the case, whether we may represent these newly named individual defendants. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Additionally, this extension will permit this office time to investigate the additional factual allegations set forth in plaintiff's First Amended Complaint.

Moreover, in the interest of judicial economy and in conserving the resources of all parties, this extension would permit this office to file one response to plaintiff's First Amended Complaint, rather than a response on behalf of the City on or before July 28, 2008, and a second response on behalf of any of the individual defendants this office may represent at a later date. As such, we would hope that the court may, *sua sponte*, extend the time to answer or otherwise respond to plaintiff's First Amended Complaint on behalf of the individual defendants as well.

Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to August 28, 2008.

Thank you for your consideration herein.

Respectfully submitted,

SO ORDERED

*[signature]*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

July 17, 2008

Elizabeth M. Daitz
Assistant Corporation Counsel

cc: Joel Berger, Esq (via fax)

2