UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

AMADOU DIALLO,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, PO JAMES DIAZ (Shield 24459), PO RASHIED RICHARDSON, (Shield 27421), SGT. KEVIN ROUGHNEED (Tax ID 91825, SGT GUERRERO and JOHN DOES 1-5,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

08 Civ. 4390 (LAP)

JURY TRIAL DEMANDED

        Defendants City of New York, Diaz, Richardson, Roughneen and Guerrero, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.    Deny the allegations contained in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations contained in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.    Deny the allegations contained in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Deny the allegations contained in paragraph "6" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about April 8, 2008.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. State that the allegations set forth in paragraph "9" are not averments of fact requiring a response.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York is a municipal corporation incorporated pursuant to the laws of the State of New York and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that defendants Diaz, Richardson, Roughneen, and Guerrero are employed by the New York Police Department, and were previously assigned to the 32nd Precinct.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. State that the allegations set forth in paragraph "14" of the complaint constitute legal conclusions to which no response is required.

15. State that the allegations set forth in paragraph "15" of the complaint constitute legal conclusions to which no response is required.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants City, Diaz, Richardson, Roughneen, and Guerrero repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants City, Diaz, Richardson, Roughneen, and Guerrero repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants City, Diaz, Richardson, Roughneen, and Guerrero repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants City, Diaz, Richardson, Roughneen, and Guerrero repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

54. State that the allegations set forth in paragraph "54" of the complaint constitute legal conclusions to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56. Defendants City, Diaz, Richardson, Roughneen, and Guerrero have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. At all time relevant to the acts alleged in the complaint, the duties and functions of the municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants City, Diaz, Richardson, Roughneen, and Guerrero.

- 6 -

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

59. Plaintiff has failed to comply with New York General Municipal Law § 50.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

60. There was probable cause for plaintiff's arrest.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

61. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the complaint, defendants Diaz, Richardson, Roughneen, and Guerrero acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

63. Defendants City, Diaz, Richardson, Roughneen, and Guerrero have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

64. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City, Diaz, Richardson, Roughneen, and Guerrero request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action,

and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          August 28, 2008

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the
                                    City of New York
                                  Attorney for Defendants City, Diaz, Richardson,
                                  Roughneen, and Guerrero
                                  100 Church Street, Rm. 3-218
                                  New York, New York 10007
                                  (212) 788-0775

                          By:    /s/
                              Elizabeth M. Daitz (ED1324)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:    Joel Berger, Esq. (via ECF)
       Attorney for Plaintiff
       360 Lexington Avenue, 16th Floor
       New York, New York 10017